**Elvin Lang SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 117–82.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 10, 1982.

Ken J. McLean, Houston, on petition for discretionary review only, for appellant.

John B. Holmes, Jr., Dist. Atty. and Ray Elvin Speece, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

Our prior opinion is withdrawn.

This cause is before the Court on appellant's petition for discretionary review. The Court of Appeals affirmed the conviction. On original submission to this Court we reversed the conviction. We now reconsider that decision on the State's motion for rehearing.

The issue before the Court concerns a ruling by the trial court on the State's challenge for cause:

"PROSPECTIVE JUROR: I have a son that's in Huntsville on Death Row that had a trial by a jury, and I don't feel like I could give a fair verdict to anybody. I don't think I could be a fair juror for anybody here because of that. Because it's too—

"THE COURT: Are you telling me then that because of the torment that

you went through, that you simply could not be a fair juror under any circumstances?

"PROSPECTIVE JUROR: No, sir.[1]

"MR. NETTLES [Prosecutor]: State moves to challenge for cause.

"THE COURT: It's granted.

"MR. GUYON [Defense Counsel]: Defendant would object.

"THE COURT: All right."

On original submission we held this ruling was error, because, "The statement by the prospective juror that she did not think that she could be a fair juror for anybody, standing alone, does not constitute a basis for challenge for cause under Article 35.16, V.A.C.C.P."

On rehearing the State contends the prospective juror was subject to challenge for cause under Art. 35.16(a)(8), V.A.C.C.P., which provides a ground for challenge if "he has a bias or prejudice in favor of or against the defendant." It appears from cases decided under this provision that no particular bias or particular prejudice in favor of or against the defendant need be shown in order to sustain a challenge for cause, and that the trial judge is accorded considerable discretion in the matter. See, e.g., *McCary v. State,* 477 S.W.2d 624, 628; *Noah v. State,* 495 S.W.2d 260, 264. On rehearing we conclude the prospective juror's statement that he could not be a fair juror under any circumstances was sufficient to support the State's challenge for cause, and the trial court's ruling did not constitute an abuse of discretion.

The State's motion for rehearing is granted and the judgment of the Court of Appeals is affirmed.

TEAGUE, J., not participating.

CLINTON, Judge, dissenting.

Appellant's Petition for Discretionary Review was granted on his strong showing that the unpublished opinion by the Houston (1st) Court of Appeals was in error when it found nothing had been preserved for review concerning the ruling of the trial court granting a challenge for cause against the prospective juror alluded to in the opinions of the respective courts.

The stated basis for the finding by the Court of Appeals is:

"The record does not reflect or show, 1.) that the defendant exhausted all his peremptory challenges; 2.) that a request was made of additional peremptory challenges; 3.) and that a juror was seated upon whom the defendant would have exercised a peremptory challenge."

However, such is not the test in the situation presented here, as *Payton v. State,* 572 S.W.2d 677 (Tex.Cr.App.1978) explains.[1]

Therefore, the error committed by the Court of Appeals was in refusing to review on its merits appellant's contention that the trial court had erred in excusing the prospective juror. In these circumstances, having granted appellant's petition for review, we should reverse the judgment and remand the cause to the Court of Appeals for its determination of that issue, in the first instance.

I respectfully dissent.

---

1. In light of the previous answer, we interpret this "No, sir" to mean the prospective juror was answering that she could not be a fair juror under any circumstances.

1. Harm may be shown by an accused when a *qualified* juror is erroneously excluded if it appears that the State has exhausted its peremptory challenges. *Payton v. State,* supra, at 680. That the State did in fact use all its peremptory challenges was shown in the court below by a supplemental transcript. See *Martinez v. State,* 621 S.W.2d 797, 799 (Tex.Cr.App.1981).