Steve Steele SHIPLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 0412–87.

Court of Criminal Appeals of Texas, En Banc.

May 2, 1990.

Rehearing Denied June 13, 1990.

Jim Burnham and R.K. Weaver, on appeal only, Dallas, for appellant.

John Vance, Dist. Atty., Kathi Alyce Drew, Knox Fitzpatrick, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING ON PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Steve Steele Shipley, henceforth appellant, was convicted by the jury of first degree murder on May 9, 1986 for the death of his wife, Deborah Sue Shipley. Appellant's punishment was also assessed by the jury at life imprisonment in the Department of Corrections.[1] He appealed to the Fifth Court of Appeals which affirmed the trial court's judgment of conviction. *Shipley v. State*, 727 S.W.2d 118 (Tex.App.–Dallas 1987).

One of appellant's contentions on direct appeal to the court of appeals was that the trial court erred in instructing the jury on the law concerning good time and parole. The charge was given pursuant to the parole law charge provision of Art. 37.07, Sec. 4, V.A.C.C.P. Appellant asserted on appeal that Article 37.07, Section 4 was unconstitutional. The court of appeals held otherwise. Appellant then brought a petition for discretionary review to this Court.[2]

---

1. Now called Texas Department of Criminal Justice, Institutional Division.

2. Appellant's petition raised two issues: 1) that the court of appeals erred in holding that the trial court properly instructed the jury concerning the parole laws of Texas at the punishment stage of the trial pursuant to Art. 37.07 Sec.4, V.A.C.C.P.; and 2) that the court of appeals erred in holding that the trial court did not abuse its discretion by refusing to let appellant's trial counsel receive an answer to one of his questions.

Subsequent to the court of appeal's opinion, this Court held that the parole law charge of Article 37.07, Section 4 was unconstitutional. *See Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988). Thereafter, in an unpublished opinion on appellant's petition for discretionary review, this Court vacated the judgment of the court of appeals and remanded the cause to the court of appeals for a determination of harm arising from the unconstitutional jury instruction. *Shipley v. State*, Tex.Cr.App. No. 0412–87 (November 16, 1988).

Appellant thereafter filed a motion for rehearing in this Court, requesting that we consider his petition for discretionary review on both of the grounds upon which it was granted before remanding his cause to the court of appeals. We granted the motion for rehearing and, in another unpublished opinion, withdrew our prior opinion. See *Shipley v. State*, No. 0412–87 (Tex.Cr. App. November 30, 1988).

■ Appellant asserts in his second ground for review that the court of appeals erred in its determination that he was not denied his right to effective counsel in the trial court pursuant to Art. I, Sec. 10, Texas Constitution. Appellant contends that the trial judge prevented his trial counsel from intelligently exercising his peremptory challenges because he was not permitted to obtain sufficient information regarding the venire members' feelings about extra-marital affairs in order to make intelligent peremptory strikes.

We agree with appellant's contention.

The record reflects the following exchange between the trial judge, the prosecuting attorney, and appellant's trial counsel:

Appellant's counsel (to the venire members): I need to talk with you about something that is very hard for me to talk with you about ... and that is the subject of an extra-marital affair. [H]ow would you feel about it if it became apparent—

Prosecuting attorney: I will object to this, going into any possible facts of this case.

Appellant's counsel: I'm not going into the facts of this case, Your Honor. I am talking about extra-marital affairs in general, not going into the facts of this case. I realize I am well prohibited from doing that. It's often asked if a witness can base the testimony on one witness. I mean, you know, that may be the facts of that case, but as a general matter, inquiry is permitted.

The Court: Well, you are going to have to be more specific in your question. Otherwise, I am not going to be able to say that you are not talking about this case when you say, "How do you feel about that?" You are going to have to be specific, then I am going to rule. I will let you ask that question.

Appellant's counsel: I want to make it clear, Your Honor, that I am not making inquiry with relationship to this case. I am talking about the subject of extra-marital affairs.

The Court: Well, what I am talking about the question to the [venire-member], I am going to sustain the objection if that is the way you are going to phrase that.

Appellant's counsel: I will rephrase that question.

The Court: All right. I sustain the objection at this time.

Appellant's counsel: All right. Thank you, Your Honor. Have you ever known somebody that was harmed by extra-marital affairs?

Prosecuting attorney: I am going to object to that. I mean, I don't see what possible inquiry that has anything to do with—one, it doesn't have anything to do with this case. *It's irrelevant to anything. Two, if it has something to do with the case, it's going into specific facts of the case, and I object to it.*

\* \* \* \* \* \*

Appellant's counsel: *Your Honor, I am not asking the question with reference to this case. I am simply asking about life experiences. I am certainly entitled to information like that to be exercise peremptory challenges [sic], and the State has reasonable latitude to do*

*the same thing and has in this case.* [emphasis added]

The Court: Sustained.

Appellant's counsel: Your Honor, are you going to forbid me asking that question of every member of the voir dire panel?

The Court: Yes.

Appellant's counsel: All right. Please note my exception, Your Honor.

■ The State contends that appellant has waived this point by not making it clear to the trial court that the basis for the question which was disallowed was to attempt to elicit bias or prejudice of the veniremembers. The State also asserts that the State's objection was sustained only to the question as asked and did not preclude appellant from making an inquiry into possible bias or prejudice.

The court of appeals agreed with the State's analysis of the exchange between appellant's trial counsel and the trial judge. The court held that the trial court's ruling on the State's objection

> does not reflect that the trial court disallowed any inquiry into preconceptions, bias or prejudice of the prospective juror. The question, as phrased, was not focused toward ... a preconceived notion tending to reflect bias or prejudice ... [a] proper inquir[y] on voir dire examination. [citations omitted] The question, as asked, reflects no inherent relevance as to the prospective juror's preconceived feelings, bias or prejudice against persons who might engage in extramarital affairs, but simply asked whether or not the prospective juror had ever known somebody who was harmed by an extramarital affair.... Although appellant argues that the court disallowed any inquiry into the subject, we do not read the court's ruling so broadly.

*Shipley v. State,* 727 S.W.2d 118, 120–121 (Tex.App.–Dallas 1987). The court of appeals also held that the question, as it was asked, was not a proper question; thus, the trial court did not abuse its discretion by disallowing the question. *See Smith v. State,* 513 S.W.2d 823 (Tex.Cr.App.1974).

The court of appeals then overruled appellant's point of error.

After carefully reviewing the record in this case, we conclude that the court of appeals read appellant's complaint as though it was an objection to the question asked rather than going to the content of the inquiry.

The basis given at trial for the State's objection was that the question was irrelevant or, alternatively, that it went to the facts of the case. Appellant's trial counsel, therefore, could have reasonably believed that the trial judge sustained the objection on one of these two grounds, not as to the phrasing of the question. Under either asserted theory for the objection further inquiry into the subject would have been precluded. Indeed, the record reflects that appellant's counsel diligently attempted to bring up the issue of extra-marital affairs before the venire members in order to ascertain what their feelings on the subject were. Appellant's counsel informed the judge of his desire to discuss extra-marital affairs in general in order to intelligently exercise his peremptory challenges. Additionally, he specifically asked whether the trial judge was going to allow him to inquire into the subject of extra-marital affairs. The trial judge answered in the negative. Counsel was *not* allowed to rephrase his question in order to elicit the information needed to intelligently exercise his peremptory challenges.

Thus, we reject the court of appeals reading of the record and the State's contention that appellant's trial counsel waived this point by not asking further questions at trial. Appellant's trial counsel's failure to ask additional questions regarding the veniremembers feelings about extra-marital affairs does not constitute a waiver of this point on appeal.

We now address the merits of appellant's point of error.

■ The law in this area has long recognized that the right to be represented by counsel, guaranteed by Article 1, Section 10 of the Texas Constitution, includes the right of counsel to question the members of the jury panel in order to intelligently

exercise peremptory challenges. *Mathis v. State,* 167 Tex.Cr.R. 627, 322 S.W.2d 629 (1959).

A trial judge is given wide discretion to control the voir dire; "however, the permissible areas of questioning the panel in order to exercise peremptory challenges are broad and cannot be unnecessarily limited." *Mathis v. State,* 576 S.W.2d 835, 836 (Tex.Cr.App.1979) (citing *Smith v. State,* 513 S.W.2d 823 (Tex.Cr.App.1974). If a trial judge prevents the defendant's attorney from asking a proper question on voir dire, then the trial judge has abused his discretion. *Smith v. State,* 641 S.W.2d 248 (Tex.Cr.App.1982). A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Allridge v. State,* 762 S.W.2d 146, 163 (Tex.Cr.App. 1988) [citing *Smith v. State,* 703 S.W.2d 641 at 643.

Appellant contends that he was denied his right to the effective assistance of counsel. Art. I, Sec. 10, Texas Constitution. Appellant claims that the information he sought to obtain would have helped him to intelligently exercise his peremptory challenges. He was unable, however, to obtain this information because the trial judge did not allow the venire members to answer the question propounded by his counsel. Appellant argues that in finding the question to be improper the court of appeals limited the scope of the voir dire to only those questions which, by themselves, would support a challenge for cause.

The court of appeals' opinion seeks to hold the question improper both because the form of it "reflects no inherent relevance" to prejudice or bias, and because it went to the facts of the case.

> The question, as asked, was also improper because it went to a peculiar fact of the case, i.e., the anticipation of evidence of an extramarital [sic] affair. It is settled Texas law that it is not error for the trial court to refuse to allow questions based on facts "peculiar to the case at trial." [citing *White v. State,* 629 S.W.2d 701, 706 (Tex.Cr.App.1981), *cert. denied,* 456 U.S. 938 [102 S.Ct. 1995, 72 L.Ed.2d 457] (1982).] Counsel was given an op-

portunity to rephrase his question in order to properly elicit relevant facts from which he could intelligently exercise his strikes; however, he failed to do so. Inasmuch as the question, as asked, was not a proper question the trial court did not abuse its discretion by disallowing the question." *Shipley v. State,* 727 S.W.2d 118, 121 (Tex.Cr.App.1987).

We find that the court of appeals' reliance on *White* is misplaced. In *White,* the question which was sought to be asked presented the venire with a factual situation which was an accurate statement of exactly what the State's case was going to be and asked the venire members if they could sentence the defendant to life rather than death if those facts were presented to them. This Court held that "[t]here was no error in refusing to let the appellant ask a hypothetical question that was based on the facts peculiar to the case on trial. 35 Tex.Jur.2d "Jury," Section 116 (1962)." Reviewing the Texas Jurisprudence citation given by this Court in *White* it is clear that the rationale for the rule which prohibits counsel from asking a question based on a hypothetical case or from bringing out the juror's views on the particular case to be tried is to avoid allowing counsel to commit the juror to a particular finding in advance of hearing the testimony or because the answer would not tend to show the juror's bias or prejudice. 23 Tex.Jur.3d "Criminal Law" Sec. 2668 (1982) and 49 Tex.Jur.3d Sec. 74 (1986).

In this instance, contrary to what occurred in *White,* the question that was disallowed by the trial court would not have committed the jurors to a particular finding at trial. It is axiomatic that for a question to be relevant to one of the issues in the case it must at least implicate one of the legal or factual areas which will be presented in the trial. It is unclear which basis for the objection ultimately served as the rationale for the court of appeals' holding. What is clear in this cause, however, is that the court of appeals relied on one of the two bases in overruling appellant's point of error.

The evidence adduced at trial showed that appellant was involved in two extra-marital affairs shortly before he shot his wife. The record also reflects that appellant was engaged to one of the women with whom he was having an affair. Any bias or prejudice by a juror against someone who engaged in an extra-marital affair would have been relevant to appellant's determination of how to exercise his peremptory challenges.

The question which was asked of the venire would have elicited whether any member knew anyone who had been harmed by an extra-marital affair. This would have been relevant to appellant's counsel's intelligent determination of whom to exercise his peremptory challenges against.

We hold that the questions which were not allowed to be asked by the appellant's trial counsel were relevant to an intelligent use of peremptory challenges. The inquiry into the relevancy of a question asked on voir dire is necessarily interrelated to the issue of whether the question being asked injects some of the facts which will be presented in the trial since the subject matter of the question, for it to be relevant, must at least implicate an area of the evidence that is anticipated to be presented to the jury during trial.

The Court has held that "[d]enial of a proper question cannot be harmless error. If the question is proper, an answer denied prevents intelligent use of the peremptory challenges and harm is shown." *Allridge v. State*, 762 S.W.2d 146, 163 (Tex.Cr.App. 1988) [quoting *Powell v. State*, 631 S.W.2d 169, 170 (Tex.Cr.App.1982) quoting *Mathis v. State*, 576 S.W.2d 835, 837 (Tex.Cr.App. 1979) citing *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974) ].

Thus, since we find that the question asked by appellant's trial counsel was proper, we reverse the judgment of the court of appeals which held that the question asked was improper, and remand this cause for proceedings not inconsistent with this opinion.

CAMPBELL, WHITE and BERCHELMANN, JJ., concur in the result.

McCORMICK, P.J., and W.C. DAVIS and STURNS, JJ., dissent.