Henry Lee BETHUNE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–89–735–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 20, 1990.

J.C. Castillo, Michael B. Charlton, Houston, for appellant.

John Brook, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated sexual assault. TEX.PENAL CODE ANN. § 22.021. He was convicted and the jury assessed punishment at imprisonment for eighty years and a fine of $10,000.00. We affirm.

Appellant raises five points of error. In his first point of error, appellant asserts that the trial court erred in admitting the testimony of a reputation witness, Lieutenant Nelson Zock. Appellant's second, third, and fourth points of error similarly state that the trial court erred in admitting the testimony of reputation witnesses Officer Johnny Moore, Officer Guy Mason and Mary Frazee. The fifth point of error maintains that the trial court erred by not allowing defense counsel to voir dire the

jury on some of the possible reasons why a defendant might not want to testify.

■ In his first point of error, appellant contends that the trial court erred in admitting the reputation testimony of Lieutenant Nelson Zock. A hearing was held outside the presence of the jury before the punishment stage of appellant's trial concerning Zock's qualifications to serve as a proper reputation witness. Although appellant's trial counsel entered an objection to the admission of Lt. Zock's testimony, he never procured a ruling on his objection from the trial court. No objection to Zock's testimony before the jury was made. In order to preserve error, it is necessary for the complaining party to procure a ruling on the objection unless the court refuses to rule, in which case an objection to the refusal must be entered. TEX.R.APP.P. 52(a).

■ In addition, we note that appellant's trial objection differs from his point of error. At the hearing outside the presence of the jury, the basis of appellant's objection was that Lt. Zock's testimony was based on "hearsay statements," rather than on his knowledge of specific acts by appellant.[1]

■ In argument under appellant's first point of error, he contends instead that Lt. Zock was not properly qualified as a reputation witness because his testimony demonstrated he was not familiar with appellant's reputation, but only with his prior criminal activities, based on police reports he had read (the converse of his trial objection.) A point of error which does not comport with the objection raised at trial presents nothing for review. *Pennington v. State*, 697 S.W.2d 387, 390 (Tex.Crim. App.1985). We overrule appellant's first point of error.

■ In his second, third and fourth points of error, appellant contends that the trial court erred in admitting the reputation testimony of witnesses Johnny Moore, Guy

---

1. Appellant's objection was based on a misunderstanding of the law. As the Court of Criminal Appeals recently reiterated, qualification as a reputation witness requires a showing of substantial familiarity with the accused's *reputation*, rather than with specific acts he has committed. *Hernandez v. State*, 800 S.W.2d 523, 525 (Tex.Crim.App.1990).

Mason and Mary Frazee, respectively. No hearing was held regarding their qualifications to serve as reputation witnesses. When they testified at the punishment stage of trial, appellant offered no objection. As a result, appellant waived any error with respect to the admission of such testimony. *Little v. State*, 758 S.W.2d 551, 563 (Tex.Crim.App.1988), *cert. den.*, 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988); Tex.R.App.P. 52(a). We overrule appellant's second, third and fourth points of error.

In his fifth point of error, appellant contends the trial court erred in not permitting defense counsel to voir dire the jury on some of the possible reasons why a defendant might not want to testify. When defense counsel asked a prospective juror, "What would be some of your observations as to why I wouldn't want him to testify?," the State objected on the ground that the question required the jury to speculate. The trial court sustained the State's objection. Defense counsel was thereafter allowed to question the jury panel about specific reasons why he might not want his client to testify, including the fact that he doesn't make "a very good looking witness," or where he "doesn't speak very well." He also was permitted to question the jury panel in some detail about whether defendant's failure to testify would affect their decisionmaking and whether it would cause prospective members of the jury to shift the burden of proof to the defendant.

A defendant's constitutional right to counsel includes, inherently, the right of his counsel to question the members of the jury panel in order to intelligently exercise peremptory challenges. As a general rule, the trial court should give a defendant great latitude in questioning the jury panel during voir dire. *Smith v. State*, 703 S.W.2d 641, 643 (Tex.Crim.App.1985). The trial court also can, and should, control the scope of voir dire, however, by exercising his sound discretion to limit improper questioning. *Id.*

The State's objection in the instant case went *to the form* of defense counsel's question. Defense counsel sought to ask an extremely broad, open-ended question of the jury panel. When he was not allowed to do so, he was able to accomplish the same purpose by asking more narrowly-tailored questions to elicit the identical information from the prospective jurors. In *Smith*, the Court of Criminal Appeals held that a question was improper where defense counsel sought to elicit the jury panel's "thoughts" and "observations" on the insanity defense. 703 S.W.2d at 645. The Court characterized such an inquiry as "so broad a question as to constitute a global fishing expedition." *Id.*

The instant case is distinguishable from that presented in *Shipley v. State*, 790 S.W.2d 604 (Tex.Crim.App.1990). There, a plurality of the Court of Criminal Appeals held that the trial court improperly restricted the defendant's voir dire examination when he sought to question prospective jurors on their views about extramarital affairs. In *Shipley*, unlike in the instant case, the trial court shut off the whole area of inquiry by defense counsel. 790 S.W.2d at 607. Here, after the State objected to the question asked, defense counsel was allowed to thoroughly explore the area of possible bias or prejudice toward a defendant who does not testify, by employing more narrowly-phrased questions. Although the State's objection was inartfully phrased, it is clear from the context the objection went to the form of the question, rather than to its content. It is also apparent defense counsel was not hindered from thoroughly examining the prospective jurors concerning any bias or prejudice they might have because of appellant's failure to testify. As a result, we hold that the trial court did not abuse its discretion by unnecessarily limiting the scope of appellant's voir dire examination. We overrule appellant's fifth point of error.

Accordingly, we affirm the judgment of the trial court.