Sam Wendell RYAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–00498–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 7, 1994.

James R. Kuhn, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Karen A. Clark, Asst. Dist. Atty., Renee Magee, Asst. Dist. Atty., Harris County, for appellee.

Before WILSON, ANDELL and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of failure to stop and give information after an auto collision, and assessed punishment of 180 days in jail.

On October 2, 1992, appellant hit a parked car and drove away. He was soon arrested for DWI and failure to stop and give information. He pled guilty to DWI, and was tried and convicted of failure to stop and give information. Only the latter case is before us.

In his first point of error, appellant contends the judge improperly restricted voir dire.

Before voir dire began, the judge granted a motion in limine prohibiting appellant from stating during the guilt-innocence stage of the trial that he had AIDS. Appellant then asked if he could question veniremembers about their attitudes toward people with AIDS. His request was denied. Appellant contends the questions were relevant to his defense of necessity, on which the jury was instructed at the guilt-innocence stage of trial.

We find there was no harm at the guilt-innocence stage from the judge's decision restricting voir dire. Appellant never offered evidence at the guilt-innocence stage that he had AIDS. If such evidence had been admitted at that stage, the voir dire restriction may have been harmful. Here, appellant cannot complain of harm from not questioning the jury about evidence that he never offered or attempted to offer at the guilt-innocence stage of trial.

A different question is presented concerning the punishment stage. Evidence that appellant had AIDS was admitted then, and appellant argued that the jury should give him probation because he could not get necessary medical treatment in jail.

The trial judge should give counsel for the defense great latitude in questioning the jury panel during voir dire. *Bonilla v. State,* 740 S.W.2d 583, 584 (Tex.App.–Houston [1st Dist.] 1987, pet. ref'd). If a trial judge prevents the defendant from asking a proper question on voir dire, the trial judge abuses his discretion. *Shipley v. State,* 790 S.W.2d 604, 608 (Tex.Crim.App.1990). A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Id.*

Because the jury assessed punishment, appellant should have been allowed to question prospective jurors about their feelings on AIDS. That was an issue affecting the punishment stage of trial. Therefore, denying appellant an opportunity to do so was error. In view of the severe sentence jurors assessed, we cannot say beyond a reasonable doubt that error made no contribution to their verdict. TEX.R.APP.P. 81(b)(2).

We sustain this point of error in part and remand for a new punishment hearing. TEX. CODE CRIM.P.ANN. art. 44.29(b) (Vernon Supp.1994).

In his second point of error, appellant contends the trial judge erred by admitting evidence he was intoxicated at the time of the accident. During the cross-examination of Snyder, a State's witness, appellant elicited the following testimony:

Q: You said he [appellant] was intoxicated or something.

A: Yes, I said that.

Q: Okay. You do not know in fact whether or not he was intoxicated.

A: No, I do not know for a fact.

Further, during the direct-examination of appellant, he testified as follows:

Q: There's been a lot of conversation in this courtroom about intoxication testimony. The officer testified you were arrested for driving while intoxicated that night; is that correct?

A: Yes, sir.

Q: And were you charged with that offense?

A: Yes, I was.

Q: And how did you plea?

A: I plead guilty.

When a defendant offers the same testimony as that objected to, he may not complain on appeal. *See Narvaiz v. State*, 840 S.W.2d 415, 430 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). Thus, this point is waived. Moreover, on cross-examination, appellant admitted he was intoxicated. Therefore, any error in the admission of evidence of appellant's being intoxicated was harmless. TEX.R.APP.P. 81(b)(2).

We overrule the second point of error.

The part of the judgment assessing sentence is reversed, and the cause is remanded for a new punishment hearing. TEX.CODE CRIM.P.ANN. art. 44.29(b) (Vernon Supp. 1994).