Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion Issued May 4, 2006


 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00259-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JOSE FELIX ALVARADO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 771685

 








 

 



MEMORANDUM OPINION

          Appellant
Jose Felix Alvarado pleaded not guilty to the charge of murder.  A jury found him guilty, and the trial court
assessed punishment at fifty years’ imprisonment.  In one issue, Alvarado contends the trial
court erred in failing to allow defense counsel to question a juror during the
State’s case-in-chief after the juror requested a sign language interpreter
prior to the beginning of testimony. 
Because Alvarado failed to properly preserve this issue for appeal, we
affirm the judgment of the trial court.  

Background

          After
the jurors had been sworn, but prior to the beginning of trial, the trial court
discovered that one of the jurors had difficulty hearing, and assigned two sign
language interpreters to interpret for the juror.  Neither the State nor the defense objected to
the juror serving, and both sides announced they were ready for trial.  The State gave its opening statement and
presented testimony from four witnesses, and the court recessed for lunch.  When the court reconvened after lunch,
defense counsel stated the following:

Your Honor, at this time we’d move to—we’ve learned
that there is a deaf juror that was selected during jury selection.  We asked questions relevant to the selection
of jurors on this case and we asked whether they understood all the questions.  And we would like—the defense side would like
to ask that juror that’s deaf—and I don’t have the name of the juror.  But that juror whether she understood the
questions during the voir dire, during the jury selection.  I understand that you’ve denied my request.

 

The court denied the request.  After closing arguments, and after the jury
had been removed to deliberate, the court told defense counsel to “go ahead and
make [his] record.”  Defense counsel then
stated as follows:

For appellate purposes, Judge, I would object to
the—for not allowing me to elicit testimony from a juror—and I don’t know the
name of the juror, but it’s a white female. 
We learned, after being seated as a juror, that she was hearing impaired.  We didn’t learn that—the extent of the
impairment.  We did learn that the Court
required her to use a—sign language personnel to translate what was verbalized
into sign language for her.  I would have
asked her if allowed whether she understood the questions during the voir dire
jury selection process.  And if she
understood the different rules that were propounded to the whole group.  And if she understood those rules and if she
would comply with those rules.  And also
would have asked her whether she had any medical impairments that would not
have allowed her to sit as a juror.  And
I don’t know what the answers would have been. 
But those would have been the questions that I would [sic] asked—and I
would have asked.  And those are the
questions that the Court has not allowed me to ask of her now that she’s seated
as a juror.  That would be the extent of
my questioning.

 

The court stated that reasonable
accommodations had been made, that there was no indication the juror was unable
to participate in the trial, and that, in the opinion of the court, her
impairment was not an issue.

Discussion

          In
his sole point of error, Alvarado contends the trial court abused its
discretion by failing to allow defense counsel to question the impaired juror
concerning the extent of her impairment and whether she understood the
questions asked of her during voir dire, thus violating his right to a trial by
an impartial jury under the United States Constitution and his right to counsel
under the Texas Constitution.  U.S. Const. amend. VI; Tex. Const. art. X, § 1.  The State responds that Alvarado has failed to
preserve error on this issue.  We agree.

          To
preserve an issue for appeal, a party must timely object, stating the specific legal basis.  Tex. R.
App. P. 33.1(a)(1); Rhoades v. State, 934 S.W.2d 113, 121, 127
(Tex. Crim. App. 1996).  “To be timely,
an objection must be raised at the earliest opportunity or as soon as the
ground of objection becomes apparent.” Dinkins v. State, 894 S.W.2d 330,
355 (Tex. Crim. App. 1995).  This allows
the trial court the opportunity to cure any possible harm caused by the
objectionable conduct.  See Bader v.
State, 15 S.W.3d 599, 603 (Tex. App.—Austin 2000, pet. ref’d).  In the absence of a timely motion or
objection, nothing is presented for appellate review.  Cooper v. State, 500 S.W.2d 837, 841
(Tex. Crim. App. 1973).  When the issue
concerns voir dire questions, the trial court must be on notice as to the
specific question the defendant wanted to ask and was precluded from asking. See
Franklin v. State, 12 S.W.3d 473, 477 (Tex. Crim. App. 2000).

          Here,
the record indicates that at the very latest, defense counsel became aware that
one of the jurors was hearing-impaired prior to the beginning of trial when the
trial court announced that it had become aware of an impaired juror and would
provide her with sign language interpreters. 
Though counsel made clear what he would have asked the juror if he had
been allowed to question her, he did not do so until well into the State’s
case-in-chief.  Thus, we conclude that counsel
failed to timely object and no error has been preserved for appeal.

Alvarado argues that his right to a
fair trial is a “fundamental constitutional systemic requirement” that cannot
be waived.  The Court of Criminal Appeals
has held that “[e]xcept for complaints involving fundamental constitutional
systemic requirements . . . all other complaints based on
a violation of both constitutional and statutory rights are waived by failure
to comply with Rule 33.1.”  Ibarra v.
State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).  In 2004, the court revised that language to
state “[e]xcept for complaints involving systemic (or absolute) requirements,
or rights that are waivable only, . . . all other complaints, whether
constitutional, statutory, or otherwise, are forfeited by failure to comply
with Rule 33.1(a).”  Mendez v. State,
138 S.W.3d 334, 342 (Tex. Crim. App. 2004). 
Alvarado is correct that the right of a defendant to intelligently
exercise his peremptory strikes is implicit in the constitutional right of
representation under both the state and federal constitutions.  See Shipley v. State, 790 S.W.2d 604,
607–08 (Tex. Crim. App. 1990).  He is
incorrect, however, that such a right cannot be waived.  The Court of Criminal Appeals has held
systemic requirements to include jurisdictional requirements involving the
power of the court over the subject matter or the person, and requirements of
due process and separation of powers which render conflicting legislation
void.  Marin v. State, 851 S.W.2d
275, 279 (Tex. Crim. App. 1993).  The
rights at issue here are not systemic, however, because a defendant may waive
error when he fails to object to the composition of the jury in a timely
manner.  See Franklin, 12 S.W.3d
at 477. 

Conclusion

Because Alvarado failed to ask the
court to question the hearing impaired juror in a timely manner, we hold he has
failed to preserve this issue for appeal. 
Accordingly, we overrule his sole issue and affirm the judgment of the
trial court.

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Taft,
Higley, and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).