**Clyde C. FOWLER & City of San Antonio, Appellants,**

v.

**Andrew GARCIA, Appellee.**

**No. 04–83–00481–CV.**

Court of Appeals of Texas, San Antonio.

March 13, 1985.

Baldemar A. Jimenez, Patrick Bernal, Steven W. Arronge, San Antonio, for appellants.

Peter Torres, Jr., Frank Joseph Stenberg, Phillip R. Spicer, Jr., Taylor & Spicer, San Antonio, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

Appellee filed this suit seeking damages for injuries sustained in an automobile collision. He was a passenger in a van driven by Henry Idar which was struck by a police

patrol car driven by appellant, Clyde C. Fowler, while Idar was making a left turn. Appellants filed a cross-action against Idar and appellee on the theory of negligence. The jury found that Idar and appellant Fowler were negligent and that their negligence was the proximate cause of the collision and the injuries suffered by appellee; damages in the total sum of $30,840.50 were awarded. Negligence was apportioned 65% to Idar and 35% to Fowler; appellee was not found to be negligent for remaining in the vehicle driven by Idar.

■ Appellants' first complaint concerns the jury's answer to Special Issue No. 4. They allege that the finding that appellee was not negligent was against the great weight and preponderance of the evidence. Special Issue No. 4 provides:

Do you find from a preponderance of the evidence that Andrew Garcia remained in the vehicle after he knew that Henry Idar was physically and mentally not capable of operating and driving said vehicle thereby constituting a danger to himself and others on the occasion in question?

Answer "We do" or "We do not."

ANSWER: We do not.

Special Issue No. 5 instructs the jury that if they answer Special Issue No. 4 in the affirmative, they must determine whether such acts constitute negligence. Nowhere does the charge require the jury to find whether any negligence by appellee was the proximate cause of the occurrence or the injuries. Proximate cause includes foreseeability and cause in fact; both elements must be present. *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 903 (Tex.1980); *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 755 (Tex.1975).

■ TEX.REV.CIV.STAT.ANN. art. 2212a (Vernon Supp.1985), the comparative negligence statute, provides that damages are to be apportioned among tort-feasors in accordance with the percentage of negligence attributable to each tort-feasor and:

(b) In a case in which there is more than one defendant, and the claimant's negligence does not exceed the total negli-

gence of all defendants, contribution to the damages awarded to the claimant shall be in proportion to the percentage of negligence attributable to each defendant.

(c) each defendant is jointly and severally liable for the entire amount of the judgment awarded the claimant, *except that a defendant whose negligence is less than that of the claimant is liable to the claimant only for that portion of the judgment which represents the percentage of negligence attributable to him.* [Emphasis added.]

Thus it would appear that the necessary, proper and complete charge on comparative negligence must inquire whether the claimant was negligent, if such negligence was the proximate cause of the occurrence, and what percentage of negligence is attributable to the claimant. *See Eagle Trucking Co. v. Texas Bitulithic Co.*, 612 S.W.2d 503, 507 (Tex.1981). In the instant case appellants failed to request special issues on whether appellee's negligence was the proximate cause of the accident and on what percentage of negligence is attributable to appellee. The record reflects that appellants did not object to the comparative negligence issue as submitted; therefore, appellants have waived any error in the charge. *See Ford Motor Credit Co. v. Blocker*, 558 S.W.2d 493, 499 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.); TEX.R. CIV.P. 279. We have, nevertheless, considered appellants' complaint that the jury's failure to find appellee negligent was against the great weight and preponderance of the evidence. We are required to weigh all the evidence and set aside the finding if it is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ The evidence which supports the finding establishes that appellee and Idar had known each other for twenty-seven years, that Idar had not previously been involved in an automobile collision, that Idar had never been arrested for DWI, that

Idar was a safe driver, and that just prior to the accident Idar was driving properly and not speeding. The contrary evidence shows that appellee and Idar, the driver of the van, spent the evening together, during which time Idar consumed five beers and two drinks. The suggestion was made that appellee knew that Idar was dangerous and incapable of driving safely since he paid for some of the drinks. The jury finding to Special Issue No. 4 was not so against the great weight and preponderance of the evidence as to be manifestly unjust or clearly wrong. Point of error one is overruled.

■ In their second point of error, appellants argue that there was insufficient evidence to support the jury findings that appellant Fowler was negligent as to speed and control of his vehicle, and that his negligence was a proximate cause of the injury. Appellants further complain in point of error three that such findings were against the great weight and preponderance of the evidence. An insufficient point has come to have substantially the same meaning as a point that a finding is against the great weight and preponderance of the evidence. *Metropolitan Life Insurance Co. v. Duncan,* 566 S.W.2d 351, 353 (Tex. Civ.App.—Fort Worth 1978, no writ). The standard of review in both instances requires that we consider and weigh all of the evidence in the case and set aside the verdict and remand for a new trial if we conclude that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *see also* Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEXAS L.REV. 361 (1960).

■ It was uncontroverted that Idar turned left in front of Fowler. However, appellants concede that Fowler was exceeding the speed limit before the accident, and that he was not responding to an emergency call. Fowler's police car left approximately 200 feet of skid marks; he was unable to keep his vehicle under proper control and avoid colliding with the van.

Thus, we have considered the evidence against and in support of the jury finding at issue, and in our opinion there was sufficient direct and circumstantial evidence to support the jury finding that appellant was negligent both in his speed and in his failure to keep his vehicle under proper control. Additionally, we have determined that the jury finding and the judgment are not so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. Points of error two and three are overruled.

■ Lastly, appellants contend that appellee's jury argument outside the record was reversible error. Specifically, appellants objected to appellee's jury argument that Fowler should have used his lights and siren. The court sustained the objection; however, the record reflects that appellants failed to request an instruction to the jury to disregard. Incurable jury arguments are rare; even strong appeals to prejudice become harmless when a jury is instructed to disregard them, for which reason it is logical to require an objection and instruction. *Standard Fire Insurance Co. v. Reese,* 584 S.W.2d 835, 840 (Tex.1979). Any harm from appellee's jury argument would have been cured by an instruction from the court to disregard. By failing to press for an instruction at the time of the argument, appellants have waived their complaint. *Reese,* 584 S.W.2d at 840–41; *Turner v. Turner,* 385 S.W.2d 230, 237 (Tex.1964). Appellants' fourth point of error is overruled.

The judgment of the trial court is affirmed.