Scott Allen **SPEARS**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–89–215–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 12, 1990.

Publication Ordered Dec. 31, 1990.

Mark G. Daniel, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Christian Harrison, Asst. Fort Worth, for state.

Before HILL, LATTIMORE and DAY, JJ.

## OPINION

DAY, Justice.

Scott Allen Spears appeals his conviction for the offense of aggravated sexual assault of a child. See TEX.PENAL CODE ANN. sec. 22.021 (Vernon 1989).

We affirm.

Appellant abducted a thirteen-year old girl and twice forced her to have sexual intercourse with him. Appellant subsequently beat the girl with a lug wrench and left her to die. She was located alive the next evening by detectives from the Fort Worth Police Department. Appellant filed a motion to suppress the evidence seized in the warrantless search of his house and car, to challenge the warrantless arrest, and to complain about the lack of adequate juvenile warnings given to him at the time of his interrogation. Appellant pleaded guilty after the motion to suppress was denied by the trial court.

█ In his first point of error, appellant contends the trial court erred in denying his motion to suppress evidence taken from appellant's car and house because the search violated the fourth amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution. Appellant bases his contention on the seizure of evidence pursuant to a warrantless search. The State has the burden of proof of justifying a warrantless search. A warrantless search and seizure can be justified under three exceptions: exigent circumstances, consent, and the plain view doctrine. Stewart v. State, 681 S.W.2d 774, 777 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd).

█ The "exigent circumstances" exception will justify a search where that search is made to:

(1) to render emergency aid or assistance to persons whom they reasonably believe to be in distress or in need of assistance.

(2) to prevent the destruction of evidence or contraband.

(3) to protect the officers from other suspects or persons whom they reasonably believe may be present, and if so, they reasonably believe may be armed and dangerous.

Id. at 777; see also Winslow v. State, 742 S.W.2d 801, 804 (Tex.App.—Corpus Christi 1987, writ ref'd) (fourth amendment does not preclude police officers from making warrantless entries and searches when they have reason to believe that a person within is in need of immediate aid) (quoting Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 2413, 57 L.Ed.2d 290 (1978)). A warrantless entry into a home for purposes of a search is permitted when both exigent circumstances and probable cause exist. U.S. v. Martin, 613 F.Supp. 57, 60 (W.D. Tex.1985). In assessing an officer's belief that a warrantless entry is justified by an exigent circumstance, an objective standard of reasonableness is applied. Winslow, 742 S.W.2d at 804. The reasonableness of an officer's emergency entry onto the premises of another is to be judged by the circumstances as they existed at the time the decision was made to enter. Id.; Stewart, 681 S.W.2d at 778 (quoting Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).

█ Lieutenant Bradley testified that he felt time was of the essence in securing the safety of the abducted girl since appellant's vehicle was located in front of the searched residence, the owner of the residence confirmed that his son, appellant, was driving the car during the hours of the kidnapping, the son fit the general description of the suspect, and the girl, who could not be located on the scene of the alleged offense, was still missing. This testimony shows that exigent circumstances and probable cause indisputably existed such that a warrantless search was justified.

█ Appellant also claims that Donald Spears, appellant's father, did not voluntarily consent to a search of his residence. This contention is not supported by the

record. A warrantless search of a home is not unreasonable within the meaning of the fourth amendment if it has been voluntarily consented to by one having authority over the premises. *U.S. v. Martino*, 664 F.2d 860, 874 (2nd Cir.), *cert. denied*, 458 U.S. 1110, 102 S.Ct. 3493, 73 L.Ed.2d 1373 (1981) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)); *U.S. v. Garcia*, 496 F.2d 670, 673 (5th Cir.1974), *cert. denied*, 420 U.S. 960, 95 S.Ct. 1347, 43 L.Ed.2d 436 (1975). Where two persons have equal rights to use or occupy the premises, either may give consent to a search, and evidence subsequently discovered may be used against either. *U.S. v. Hughes*, 441 F.2d 12, 17 (5th Cir.), *cert. denied*, 404 U.S. 849, 92 S.Ct. 156, 30 L.Ed.2d 88 (1971). The record reflects that Donald Spears voluntarily and freely signed consent to search forms with respect to both his residence and the automobile registered in his name. Additionally, neither Spears nor his wife testified on the motion to suppress or disputed the voluntariness of the consent. Because the record indicates that Donald Spears' consent was freely and voluntarily given, the trial court properly denied appellant's motion to suppress.

■ Even if consent to search appellant's automobile had not been satisfactorily demonstrated, a warrantless search of the automobile would have been justified under the "plain view" doctrine. It is clear that an individual has no reasonable expectation of privacy in that which he exposes to public observation. *Jones v. Latexo Indep. School Dist.*, 499 F.Supp. 223, 231 (E.D.Tex.1980). Under the plain view doctrine, the police may seize contraband or evidence of a crime which "comes within their vision as they go about their business in a legitimate fashion." *Jones*, 499 F.Supp. at 231; *Stewart*, 681 S.W.2d at 777. The record demonstrates that the automobile in question was parked on the street in front of appellant's residence. An officer was able to view the confiscated evidence without opening the door or touching the car. Thus, the evidence seized was within the intent of the "plain view" exception.

The evidence indicates that the warrantless search conducted by the police of both the appellant's residence and automobile did not violate appellant's fourth amendment rights or those under Article I of the Texas Constitution. Appellant's first point of error is overruled.

■ Appellant's second point of error asserts the trial court erred in holding that appellant's warrantless arrest was valid. Specifically, appellant claims "no reasonable grounds existed to show that Appellant might be engaged in delinquent conduct other than the warrantless search of Appellant's parked car, which revealed a 'car grill', [sic] described previously by a witness." In the suppression hearing, the State relied on TEX.FAM.CODE ANN. sec. 52.01(a)(3) (Vernon 1986) to justify the warrantless arrest. The Code provides:

(a) A child may be taken into custody:

. . . .

(3) by a law-enforcement officer if there are reasonable grounds to believe that the child has engaged in delinquent conduct or conduct indicating a need for supervision. . . .

*Id.*

Prior to appellant's arrest, police officers obtained a description of the suspect and his automobile, located an automobile matching the description of the suspect's automobile in front of appellant's residence, and matched the physical description of appellant to that of the suspect as related by three eyewitnesses. This evidence, coupled with the evidence obtained through the legal searches of both the appellant's residence and automobile, supports the trial court's finding that probable cause to arrest appellant pursuant to section 52.-01(a)(3) of the Code existed. Appellant's second point of error is overruled.

■ In his fourth point of error, appellant argues the trial court erred in finding that appellant voluntarily waived his *Miranda* rights because juvenile warnings given to appellant were inadequate. Specifically, appellant claims he was never warned, pursuant to TEX.FAM.CODE

ANN. sec. 51.09(c) (Vernon Supp.1991), that he might be transferred from the Texas Youth Commission to the Texas Department of Corrections. The statute, in pertinent part, follows:

> (c) In addition to the warnings that a child must receive under Subsection (b)(1) of this section for the child's statement to be admissible in evidence, the child must also receive a warning from the magistrate that the child may be sentenced to commitment in the Texas Youth Commission with a transfer to the Texas Department of Corrections for a term not to exceed 30 years if the child is found to have engaged in delinquent conduct, alleged in a petition approved by a grand jury, that included: ...

*Id.*

As the State correctly pointed out, this provision did not take effect until September 1, 1989, over one year after appellant was taken into custody. Section 51.09(c) of the 1989 amendatory act provides that subsection (c) applies only to the admissibility of a statement made on or after this date. Thus, the section providing for the waiver of rights would not apply retroactively to the confession given long prior to the effective date of the foregoing statute. Because subsection (c) did not apply on February 27, 1988, appellant's arrest date, the warning was unnecessary.

■ Appellant also claims that he was not read his rights and did not fully understand his rights, in violation of Texas Family Code section 51.09(a) and (b). In determining whether a juvenile has intelligently waived his privilege against self-incrimination, the court must consider the totality of the circumstances. *Cammon v. State,* 672 S.W.2d 845, 848–49 (Tex.App.— Corpus Christi 1984, no writ); *Moreno v. State,* 510 S.W.2d 116, 119 (Tex.Civ.App.— Tyler 1974, writ ref'd n.r.e.). By his own admission, appellant states there is conflicting evidence whether appellant was properly read his rights. The record reflects that the magistrate gave appellant juvenile warnings which were subsequently admitted into evidence. The record further reflects appellant understood each of his rights. Appellant's reliance on a witness's inability to recall whether the magistrate gave these warnings or whether appellant said that he understood the warnings lends little force to appellant's argument. The trial judge is the sole judge of the credibility of the witnesses and may choose to believe or disbelieve any of the testimony. The court properly chose to disbelieve appellant's self-serving statements.

■ Appellant also contends that a policeman was present during part of the interview of appellant and the magistrate and that the civilian witness was an employee of the Fort Worth Police Department, in violation of TEX.FAM.CODE ANN. sec. 51.09(b)(1)(F) (Vernon 1986). This provision provides:

> (F) the statement must be signed in the presence of a magistrate by the child with no law enforcement officer or prosecuting attorney present. The magistrate must be fully convinced that the child understands the nature and contents of the statement and that the child is signing the same voluntarily. If such a statement is taken, the magistrate shall sign a written statement verifying the foregoing requisites have been met.

The child must knowingly, intelligently, and voluntarily waive these rights prior to and during the making of the statement and sign the statement in the presence of a magistrate who must certify that he has examined the child independent of any law enforcement officer or prosecuting attorney and determined that the child understands the nature and contents of the statement and has knowingly, intelligently, and voluntarily waived these rights.

*Id.*

Appellant testified there were no other persons in the closed room he occupied with the magistrate and the civilian witness. The magistrate interrupted the proceeding when a police officer dressed in plain clothes came into the room and began to whisper something in the magistrate's ear. He resumed the proceedings, but only after the officer left the room. The magistrate testified that police officers are not

allowed to be present when he is warning a juvenile. Once again, the civilian witness's inability to recall what actually occurred during this proceeding discounts appellant's claim. Based upon the record before us, we find the trial judge properly concluded that no section 51.09(b)(1)(F) violation occurred. We further find that appellant voluntarily waived his *Miranda* warnings. Appellant's fourth point of error is overruled.

In his fifth point of error, appellant claims that his confession was obtained through coercion. The trial court dealt with the conflicting testimony of appellant and a police detective. Appellant claimed he was coerced into his plea and that he repeatedly requested an attorney which was denied him. The detective testified that appellant did not request an attorney. The detective stated that he did not trick, coerce or lie to appellant. Only after the detective noted a scratch on appellant's back (which was previously described by an eyewitness) did appellant agree to take the detective to the victim's body. The court had the exclusive jurisdiction to review the facts and testimony in this case. In so doing, the court upheld the voluntariness of appellant's oral confession. This court is bound by the trial court's decision with regard to this conflicting evidence. *See Troncosa v. State*, 670 S.W.2d 671, 678 (Tex.App.—San Antonio 1984, no writ) (court of appeals is "not at liberty to disturb a finding of voluntariness which finds support in the record"). We overrule appellant's fifth point of error.

In his third point of error, appellant asserts the trial court erred in denying his motion to suppress evidence obtained pursuant to statements obtained from appellant in violation of his fourth and fifth amendment rights. This issue is governed by TEX.FAM.CODE ANN. sec. 51.09(b)(2) (Vernon 1986). This provision provides:

(b) Notwithstanding any of the provisions of Subsection (a) of this section, the statement of a child is admissible in evidence in any future proceeding concerning the matter about which the statement was given if:

. . . .

(2) it be made orally and the child makes a statement of facts or circumstances that are found to be true, which conduct tends to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed.

*Id.*

The trial court did not allow admission of appellant's statement into evidence because it was neither written nor recorded and because there was conflict regarding the exact words used by appellant. However, exclusion of the statement does not prohibit use of evidence obtained as a result of that statement. TEX.CODE CRIM.PROC. ANN. art. 38.22, sec. 3(c) (Vernon Supp. 1991) provides:

(c) Subsection (a) of this section shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which he states the offense was committed.

*Id.*

Subsequent to appellant's confession, appellant took police officers to the victim's location. There was clearly an affirmative link between appellant's statement and the subsequent location of the victim. Appellant's statement, "she is dead," was an assertion of facts or circumstances which appellant believed to be true, albeit mistakenly, and which tended to establish his guilt. While appellant asserts that the victim *may* not have been found without his confession, it is the *existence* of this oral confession which subsequently provided the incriminating evidence used to convict appellant.

Even if police misconduct had been proved, evidence discovered by police would have been admissible under the "inevitable discovery" doctrine as espoused by the Texas Court of Criminal Appeals in *Garza v. State*, 771 S.W.2d 549 (Tex.Crim. App.1989). The *Garza* court held that the statutory exclusionary rule, article 38.23(a)

of the Texas Code of Criminal Procedure, did not absolutely prevent application of exceptions to the application of the exclusionary rule promulgated by the United States Supreme Court, including the inevitable discovery doctrine. *Id.* at 550–51 n. 1; *Vanderbilt v. State,* 629 S.W.2d 709, 722 (Tex.Crim.App.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982). Under the inevitable discovery doctrine, information or evidence illegally secured need not be suppressed if the State demonstrates a reasonable probability that the evidence in question would have been discovered by lawful means, that leads making discovery inevitable were possessed by police at the time of the misconduct, and that police were actively pursuing alternate lines of investigation prior to the misconduct. *Nix v. Williams,* 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984); *U.S. v. Amuny,* 767 F.2d 1113, 1129 n. 10 (5th Cir.1985); *U.S. v. Cherry,* 759 F.2d 1196, 1205–06 (5th Cir.1985), *cert. denied,* 479 U.S. 1056, 107 S.Ct. 932, 93 L.Ed.2d 983 (1987); *U.S. v. Webb,* 637 F.Supp. 259, 261 (W.D.Tex.1985), *cert. denied,* 479 U.S. 1038, 107 S.Ct. 894, 93 L.Ed.2d 846 (1987). Absolute inevitability of discovery is not required in order to apply the doctrine. *Webb,* 637 F.Supp. at 261 (quoting *U.S. v. Brookins,* 614 F.2d 1037, 1042, 1044 (5th Cir.1980)). The standard for determining whether the source of evidence is sufficiently independent of the illegality, if any, so as to avoid its taint was set forth in *Wong Sun v. United States,* 371 U.S. 471, 487–88, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963):

> We need not hold that all evidence is "fruit of the poisonous tree" simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint."

*Id.*

Prior to appellant's statement, police had gathered, or began to gather, other evidence: the victim was kidnapped the previous night by a man driving an older model maroon Chevrolet with a car grille in the back seat; the car driven by appellant was located and positively identified by one of the eyewitnesses to the kidnapping; the car grille was legally observed through the open windows of the car; the car was registered to appellant's father and was parked in front of appellant's residence; appellant's father confirmed that appellant had been driving the car the previous night; the car had broken down and a wrecker was called to pick up the car; and the area from which the car was pulled was already the focus of a police search. The inevitable discovery doctrine has been applied to facts similar to this case. *See Webb,* 637 F.Supp. at 261. As the State so aptly states, the police were already well on their way to solving the abduction of the victim and in locating her. We agree. Appellant's third point of error is overruled.

■ In his sixth point of error, appellant asserts the trial court erred in overruling appellant's request to voir dire the jury panel regarding the issue of probation as it applied to the facts in this case. Conduct of voir dire examination rests within the sound discretion of the trial court. *Dowden v. State,* 758 S.W.2d 264, 274 (Tex. Crim.App.1988); *Saunders v. State,* 780 S.W.2d 471, 475 (Tex.App.—Corpus Christi 1989, no writ). A trial court's decision to restrict voir dire may be reviewed only to determine whether the restriction constituted an abuse of discretion. *Dowden,* 758 S.W.2d at 274; *Dickerson v. State,* 740 S.W.2d 567, 571 (Tex.App.—Fort Worth 1987, writ ref'd). Appellant must show such an abuse by proving that the question which he was prevented from asking was a proper question. *Allridge v. State,* 762 S.W.2d 146, 163 (Tex.Crim.App.1988); *Saunders,* 780 S.W.2d at 475–76. If the question *was* proper and appellant was prevented from asking it, then harm is presumed because appellant could not intelligently exercise his challenges without the information gained from the answer.

*Dickerson,* 740 S.W.2d at 571; *see also Allridge,* 762 S.W.2d at 163 (discretion is abused when proper question about proper area of inquiry is prohibited). Thus, this court need only determine if appellant's proposed question is proper. A voir dire question is "proper" if it seeks to discover a juror's views on an issue applicable to the case. *Saunders,* 780 S.W.2d at 476 (quoting *Allridge,* 762 S.W.2d at 163); *Drinkert v. State,* 756 S.W.2d 844, 845 (Tex.App.— Corpus Christi 1988, no writ). After an exhaustive discussion between the attorneys and the trial court, the court ruled that the appellant could inquire into the panel's feelings about violence and abduction and its willingness to consider probation for the offense of sexual assault. The court restricted appellant's questions with regard to hypothetical questions based on the facts peculiar to this case. Appellant's attempt to ask the jury panel fact-specific questions represents an improper attempt to commit prospective jurors to what their verdict would be with regard to a particular fact situation. *Allridge,* 762 S.W.2d at 163–64; *Cuevas v. State,* 742 S.W.2d 331, 336 n. 6 (Tex.Crim.App.1987); *Saunders,* 780 S.W.2d at 476. We hold the trial court did not abuse its discretion in refusing to permit appellant to ask a question based on facts peculiar to the case on trial. Appellant's sixth point of error is overruled.

▆▆▆▆▆ Appellant's seventh and eighth points of error allege that the trial court erred in overruling appellant's objections to the prosecutor's comment regarding appellant's failure to testify and in overruling appellant's objections to alleged prejudicial and improper comments made by the prosecutor during closing arguments.

We find that any harm which may have resulted from the State's comments were cured. The trial court interrupted the prosecutor's statements, *sustained* appellant's objection, and, in response to appellant's request, immediately instructed the jury not to consider the remark by the prosecutor for any reason. Incurable jury arguments are rare. *Fowler v. Garcia,* 687 S.W.2d 517, 520 (Tex.App.—San Antonio 1985, no writ). An improper comment will not result in a reversal unless the court is persuaded that the curative instruction is not likely to remove the taint. *U.S. v. Frascone,* 747 F.2d 953, 957–58 (5th Cir. 1984) (quoting *U.S. v. Cook,* 592 F.2d 877, 879–80 (5th Cir.), *cert. denied,* 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979)). We are not so persuaded. Because any harm which may have occurred was cured by appellant's objection and the trial court's subsequent instructions to the jury, we find the State's comments were harmless. Appellant's seventh and eighth points of error are overruled.

For the reasons set forth above, the judgment of the trial court is affirmed.