Gary Ozell BAILEY, Appellant,

v.

The STATE of Texas, State.

No. 2–91–426–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 7, 1992.

Discretionary Review Refused
Jan. 13, 1993.

Mary B. Thornton, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Mark Stephens, Asst. Fort Worth, for state.

Before FARRIS, MEYERS and DAY, JJ.

OPINION

MEYERS, Justice.

Appellant, Gary Ozell Bailey, pled guilty to the offense of aggravated sexual assault of a child. TEX.PENAL CODE ANN. § 22.-021(a)(1)(B)(i) (Vernon 1989). He appeals his punishment assessed by the jury at sixty years confinement in the Institutional Division of the Texas Department of Criminal Justice.

We affirm.

On October 29, 1991, appellant pled guilty to aggravated sexual assault of a child. The trial court then proceeded to the punishment phase of the trial.

The uncontroverted facts of the assault are as follows. The child was just under two at the time of the assault. The assault took place at appellant's residence. This was also the residence of appellant's mother, his mother's husband, daughter and the daughter's two children, one of whom was the victim.

Appellant's mother testified and made a written statement that at the time of the assault she heard her grandchild scream. When she rushed into the child's room to determine why he screamed, she saw appellant wiping the child's bottom. The child's diaper had blood and semen on it. The victim's rectum was torn and bleeding. Meanwhile, appellant stood in the room covering himself with a towel.

Appellant's sole point of error is that he was denied his constitutional right to effective assistance of counsel during the voir dire stage of the sentencing phase. The trial judge refused to permit defense counsel to question the potential jurors regarding whether they would be able to give appellant probation considering the fact that the victim was under two years of age at the time of the offense. Appellant asserts that because of this, the jury was unable to give fair consideration to the full range of punishment, including probation. Appellant argues, therefore, that counsel was unable to intelligently exercise his peremptory challenges. The State replied that the question was improper because it was designed improperly to bring out the juror's views on the particular circumstances of the case to be tried.

The pertinent part of appellant's voir dire is:

The State's attorney asked you questions concerning our law dealing with a probated sentence, and I believe he told you that under our law a jury can recommend a probated sentence as long as they don't assess punishment in excess of ten years.

Is there anybody on this panel that feels like for any reason they could not give fair consideration to assessment of punishment in this case at a probated sentence of ten years or less, down to five years, probated sentence between five and ten years? If there is, would you raise your hand.

I take it by your silence that each and every one of you could give fair consideration to a probated sentence in this case.

*Is there anybody who feels like they might not or could not be fair and give fair consideration of a probated sentence if the evidence showed that the injured party, [J.W.], was at the time of an age between one and two years?*

MR. MAYFIELD: Your Honor, I object to getting into the facts of the case.

THE COURT: Sustain the objection. [Emphasis added.]

■ Appellant argues that his question is proper because appellant had a constitutional right to exclude jurors who were biased or prejudiced in favor of the young victim. It is true that a defendant's constitutional right to counsel includes, inherently, under article I, section 10 of the constitution, the right of his counsel to question the members of the jury panel in order to intelligently exercise peremptory challenges. *Smith v. State,* 703 S.W.2d 641, 643 (Tex.Crim.App.1985); *T.K.'s Video, Inc. v. State,* 832 S.W.2d 174, 176 (Tex. App.—Fort Worth 1992, no pet. h.). However, the conduct of voir dire rests within the sound discretion of the trial court. *Dowden v. State,* 758 S.W.2d 264, 274 (Tex. Crim.App.1988); *Spears v. State,* 801 S.W.2d 571, 578 (Tex.App.—Fort Worth 1990, pet. ref'd). A trial court's decision to restrict voir dire may be reviewed only to determine whether the restriction constituted an abuse of discretion. *Dowden,* 758 S.W.2d at 274; *Spears,* 801 S.W.2d at 578.

■ Appellant proves that an abuse of discretion occurred when he shows that the

question which he was prevented from asking was a proper question. *Allridge v. State,* 762 S.W.2d 146, 163 (Tex.Crim.App. 1988), *cert. denied,* 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989); *Spears,* 801 S.W.2d at 578. "If the question is *proper,* an answer denied prevents intelligent use of the peremptory challenge and harm is shown." *Smith,* 703 S.W.2d at 643; *see also Allridge,* 762 S.W.2d at 163 (discretion is abused when proper question about proper area of inquiry is prohibited). Harm is presumed because the defendant could not intelligently exercise his peremptory challenges without the information gained from an answer. *Smith,* 703 S.W.2d at 643.

■ Thus, this court need only decide if this question is proper. *Spears,* 801 S.W.2d at 579. A voir dire question is "proper" if it seeks to discover a juror's views on an issue applicable to the case. *Allridge,* 762 S.W.2d at 163; *Spears,* 801 S.W.2d at 579.

■ In this case, appellant's question goes to bias against probation because of the age of the victim. "Asking about bias against parts of the range of punishment is certainly permissible." *Smith v. State,* 513 S.W.2d 823, 826 (Tex.Crim.App.1974). However, there is no error in refusing to allow counsel to ask a hypothetical question that is based on the facts peculiar to the case. *White v. State,* 629 S.W.2d 701, 706 (Tex.Crim.App.1981), *cert. denied,* 456 U.S. 938, 102 S.Ct. 1995, 72 L.Ed.2d 457 (1982). The rationale for this rule is to avoid allowing counsel to commit the juror to a particular finding in advance of hearing the testimony or because the answer would not tend to show the juror's bias or prejudice. *Shipley v. State,* 790 S.W.2d 604, 608 (Tex.Crim.App.1990) (opinion on reh'g); *White,* 629 S.W.2d at 706.

In *White,* the fact-specific question was whether a venire member "would be unable to consider the penalty of confinement for life if it were proved that the defendant went into a store, 'attempted to rob it or robbed it,' aimed a pistol at a woman's head at short range and shot her, killing her instantly, and if the woman's husband testified to that." *White,* 629 S.W.2d at 706. A question which was allowed by the trial court was whether the "venire member could return a verdict of life in prison if it were proved that a defendant shot someone in the head in the course of committing a robbery." *Id.* The Court of Criminal Appeals held that this question also had "more details than the appellant was entitled to ask." *Id.*

Appellant relies on two cases to support his claim that this question was proper. One case is *Shipley,* 790 S.W.2d at 604. In *Shipley,* the voir dire question was: "Have you ever known somebody that was harmed by extramarital affairs?" *Id.* at 606. The defendant was being tried for the murder of his wife. *Id.* at 604. There was evidence presented that the defendant had been involved in two extramarital affairs shortly before he shot his wife. *Id.* at 609. Further, there was evidence he was engaged to one of the women with whom he was having an affair. *Id.*

In *Shipley,* the Court of Criminal Appeals distinguished *White* on the grounds that the *White* question presented the venire with a factual situation which was an accurate statement of exactly what the State's case was going to be. *Id.* at 608. This question attempted to commit the jury to a particular finding in advance because it asked them if, in light of the facts, they could sentence the defendant to life rather than death. *Id.* The *Shipley* question did not attempt to commit the venire to a particular result. *Id.* It merely enabled counsel to discern whether any of the venire were biased or prejudiced against someone who engaged in an extramarital affair. *Id.* at 609.

■ In the case before us, the question presents the venire with specific facts; the name and age of the victim. The question attempts to commit the jury to a particular finding in advance. As in *White,* the question effectively asks the jury if they could

sentence appellant, who victimized J.W. when he was under two years old, to a probated sentence. The Court of Criminal Appeals has held that when a voir dire question describes certain facts and asks if the jury could assess minimum punishment under those circumstances this "represents an improper attempt to commit prospective jurors as to what their verdict would be with regard to a particular fact situation." *Williams v. State,* 481 S.W.2d 119, 121 (Tex.Crim.App.1972). For this reason, the question was unlike the *Shipley* question; it did not merely enable counsel to discern whether any of the veniremen were biased or prejudiced against someone who victimized a child.

The other case appellant relies on is *Nunfio v. State,* 808 S.W.2d 482 (Tex.Crim. App.1991). In *Nunfio,* the victim was a member of the Ursuline Order, which is a congregation of religious women in the Catholic Church. *Id.* at 483. The proposed voir dire question was whether the venire members could be fair and impartial if the victim was a nun. *Id.* at 484. The court held that this question was proper as it could enable counsel to determine potential bias or prejudice in favor of the victim by virtue of her vocation. *Id.*

*Nunfio* is distinguishable for the same reason *Shipley* is distinguishable. The question we are concerned with does not stop at proposing a hypothetical question from which counsel could determine the jurors' bias and prejudice. Instead, the question discloses the name and age of the victim, and it attempts to commit the jury to a probated sentence.

We hold that the trial court did not prohibit appellant's counsel from asking a proper question during voir dire, and therefore, did not abuse its discretion. Our holding respects the policy behind voir dire designed to insure impartial jurors. "[I]f jurors are forced to commit themselves prior to trial as to how they would consider certain facts or testimony, then the case is being tried on voir dire and the jurors are no longer impartial." *Cadoree v. State,*

810 S.W.2d 786, 789 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).

Judgment affirmed.