**Stephen CENA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–96–00010–CR.

Court of Appeals of Texas, El Paso.

Aug. 29, 1997.

Louis Elias Lopez, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for Appellee/State.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a jury conviction for two counts of indecency with a child. The jury assessed punishment at fifteen years' confinement and a fine of $10,000 on each count. We reverse the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

Appellant was charged with engaging in sexual contact by touching the anus and genitals of "a female child not his spouse younger than 17 years of age." The victim was eight years old at the time of the offense. During Appellant's voir dire examination, the following occurred:

DEFENSE: Now, I am going to ask you to state—I am going to read for you the crime of indecency with a child. First, I am going to read to you what sexual contact is. Sexual contact, by 201 of the Texas Penal Code, is —"Sexual contact" means any touching of the anus, breast or any other part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.

Okay. Now, with that definition, the crime of indecency with a child is a person commits an offense if with a child younger than 17 years old and not his spouse, whether this child is of the same or opposite sex, if he engages in sexual contact with the child. Does everyone understand that offense?

Now, going back to my minimum/maximum hypothetical, if you—if the State of Texas has presented evidence and you believe beyond a reasonable doubt that the person has committed the offense of indecency with a child and he had sexual contact with a child younger than 17 years of age and you have found that person—you believe the evidence beyond a reasonable doubt, and you have convicted him, you found him guilty, is there anyone who would be unable, regardless of any circumstance you could think of, would be unable to consider probation?

Defense counsel then proceeded row by row to determine whether any jurors could not consider probation under the circumstances contained in his general question to the panel. Several venire members responded, including juror number 23.[1] Subsequently, the following exchange occurred:

DEFENSE: Now, same hypothetical, same question; this time, how many of you could consider if the child's age was eight years old?

STATE: Objection, Your Honor, that is contracting.

COURT: I am sorry. I was conversing with the bailiff and did not hear the question. What was your question, please?

DEFENSE: My question, Your Honor, is whether or not they could consider probation. If the state has proven beyond a reasonable doubt that the defendant—that the defendant committed the offense of indecency with a child and they believed that, if they have found him guilty, would they be able to consider probation if the— if they also were to believe that this child was eight years old, that that is contracting, your Honor.

COURT: Yes, the court will sustain the objection, sir.

DEFENSE: Your Honor, can we approach the bench, please?

COURT: Yes, sir.

(Discussion at the bench off the record.)

DEFENSE: I am going to go ahead and ask a very simple question. And that is, if the victim is an eight-year-old child, could you still be fair and impartial in this trial?

STATE: I am going to object again, contracting.

DEFENSE: Your Honor, I would like you to take a recess to read—I think it is right on point.

COURT: The court will sustain the state's objection to that question, sir.

Toward the end of his voir dire examination, defense counsel asked:

DEFENSE: If you were a juror and the State proved—suppose the State proved to you beyond a reasonable doubt that a person committed indecency with a child, and you believed it and you convicted a person of indecency with a child, would you be able to consider the minimum range of punishment of two years or probation in this case?

Counsel received numerous responses to this question.

## II. *DISCUSSION*

■■■ In Appellant's sole point of error, he asserts that the court erred by not allowing a proper question during voir dire examination. The standard of review on a case where an accused asserts that he was improperly restricted on voir dire is whether the trial court abused its discretion. *Nunfio v. State*, 808 S.W.2d 482, 485 (Tex.Crim.App. 1991). The propriety of the question which the defendant sought to ask is determinative of the issue. *Id.; Smith v. State*, 703 S.W.2d 641, 643 (Tex.Crim.App.1985). A question is

---

1. Juror number 23 later responded to a general question to the panel if there was any reason why anyone felt they shouldn't be on the jury. The juror stated that she had an eight-year-old daughter and could not be fair. The juror was struck upon an agreed challenge for cause.

proper if it seeks to discover a juror's view on an issue applicable to the case. *Nunfio,* 808 S.W.2d at 484. Denial of a proper question which prevents the intelligent exercise of one's peremptory challenges constitutes an abuse of discretion and is not subject to a harm analysis under TEX.R.APP.P. 81(b)(2). *Id.* at 485. However, a trial court is given broad discretionary authority to impose reasonable restrictions on the voir dire process. This is particularly so regarding the restriction of confusing or misleading questions. *Howard v. State,* 941 S.W.2d 102 (Tex.Crim. App.1997); *see Jones v. State,* 850 S.W.2d 223, 224–27 (Tex.App.—Fort Worth 1993, pet. ref'd). The court may restrict voir dire where the questions are duplicitous or repetitious or where the venire member has already stated his or her position clearly and unequivocally; further, the court may restrict questions that are not in proper form. *Dinkins v. State,* 894 S.W.2d 330, 345 (Tex. Crim.App.1995).

■ There is no error in refusing to allow counsel to ask a hypothetical question that is based on the facts peculiar to the case. *White v. State,* 629 S.W.2d 701, 706 (Tex. Crim.App.1981), *cert. denied,* 456 U.S. 938, 102 S.Ct. 1995, 72 L.Ed.2d 457 (1982); *Bailey v. State,* 838 S.W.2d 919, 921 (Tex.App.— Fort Worth 1992, pet. ref'd). The rationale for the above rule is to avoid allowing counsel to commit the juror to a particular finding prior to hearing the testimony or because the answer would not tend to show the juror's bias or prejudice. *Shipley v. State,* 790 S.W.2d 604, 608 (Tex.Crim.App.1990)(opinion on reh'g); *White,* 629 S.W.2d at 706; *Bailey,* 838 S.W.2d at 921.

■ However, some quantum of fact specificity is proper if the question is posed to discover the venire member's attitudes toward the status or vocation of a victim or relevant areas of evidence. In *Nunfio,* 808 S.W.2d at 482, the defendant was convicted for the aggravated sexual assault of a nun. Prior to voir dire, the State filed a motion in limine seeking to prohibit discussing the facts of the case during voir dire; particularly, the fact that the victim was a nun. The defendant then asked the court, "Can I use a hypothetical fact situation, if the victim is a

nun, could they be fair and impartial? The court responded, "No." *Id.* at 484. The Court of Criminal Appeals held that the question posed by the defendant sought to determine potential bias or prejudice in favor of the victim by virtue of her vocation. *Citing Abron v. State,* 523 S.W.2d 405 (Tex. Crim.App.1975)(rape conviction reversed because trial court disallowed defendant's question to venire whether it would make a difference that the African–American defendant was accused of raping a white victim) and *Hernandez v. State,* 508 S.W.2d 853 (Tex.Crim.App.1974)(conviction reversed due to trial court's refusal to allow defendant to ask venire if they could believe a police officer might lie under oath), the Court held that the question was proper and to disallow the question was error. Harm was automatically established. *Nunfio,* 808 S.W.2d at 484–85.

In *Shipley v. State,* the defendant was convicted of murdering his wife. He was involved in two extra-marital affairs shortly before he shot his wife. He was engaged to one of the women with whom he was having an affair. *Shipley,* 790 S.W.2d at 605, 609. During voir dire, Appellant's counsel inquired of the panel concerning their experiences regarding extra-marital affairs and if they had known anyone who had been harmed by an extra-marital affair. The trial court disallowed the question. The Court of Criminal Appeals reversed the conviction holding that the question was relevant to establish any bias or prejudice that a juror might have against someone who engaged in an extra-marital affair in order that the accused could determine how to exercise his peremptory challenges. *Shipley,* 790 S.W.2d at 608–09. This constituted an area of evidence that was relevant to determine any bias or prejudice concerning those engaged in extra-marital affairs. *Id.* at 609.

■ In the present case, Appellant sought to inquire whether or not the panel could be fair and impartial regarding the victim's status as an eight-year-old child. This seems to match the *Nunfio* formulation provided that the age specificity constitutes a relevant area of evidence. *Citing Howard,* 941 S.W.2d at 108, the State maintains that the court did not restrict Appellant from the

entire substance of an area of inquiry and the fact that Appellant was allowed to make inquiries of the panel concerning probation regarding "a child younger than 17 years of age" sufficed as an inquiry into the area of evidence. We disagree. The question that Appellant sought to ask clearly regarded fairness and impartiality regarding an eight-year-old victim and it did not inquire into the applicability of probation. We perceive a significant difference between the venire member's attitude toward an eight-year-old victim and, perhaps, a sixteen-year-old victim regarding the fairness and impartiality of the panel. Accordingly, we find that Appellant was precluded from asking a proper voir dire question. The court's ruling prevented this inquiry and, as such, constituted an abuse of discretion. As this is a type of error where a harmful error analysis would be fruitless, we reverse the cause and remand it to the trial court. *Nunfio,* 808 S.W.2d at 484–85. Appellant's Point of Error No. One is sustained.

Having sustained Appellant's Point of Error No. One, we reverse the judgment of the trial court and remand the cause for a new trial.