**Stephen CENA, Appellant,**

v.

**The STATE of Texas.**

**No. 1385–97.**

Court of Criminal Appeals of Texas.

May 12, 1999.

Louis E. Lopez, El Paso, for appellant.

John L. Davis, Asst. Dist. Atty., El Paso, Matthew Paul, State's Atty. Austin, for the State.

## *O P I N I O N*

The opinion was delivered PER CURIAM.

A jury convicted Appellant of two counts of indecency with a child. The jury assessed punishment at confinement for fifteen years on each count. The Court of Appeals reversed the conviction after determining that the trial court erred in refusing to permit Appellant to ask the jury panel a proper question during voir dire examination. *Cena v. State*, 960 S.W.2d 804 (Tex.App.—El Paso, 1997). The State has filed a petition for discretionary review.

The Court of Appeals held that the trial court abused its discretion by refusing to permit Appellant to ask the jury panel a proper voir dire question. Relying on *Nunfio v. State*, 808 S.W.2d 482 (Tex.Cr. App.1991), the Court of Appeals reversed the conviction without conducting a harm analysis. In its petition, the State contends the Court of Appeals erred in failing to conduct a harm analysis. In *Cain v. State*, 947 S.W.2d 262 (Tex.Cr.App.1997), this Court held that all but federal constitutional errors deemed "structural" are subject to a harm analysis. We agree that the Court of Appeals erred in failing to conduct a harm analysis under this Court's opinion in *Cain*.

Accordingly, we summarily grant ground two of the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand the case to that court to conduct a harm analysis. Ground one of the State's petition is refused.

MEYERS, J., concurs with note.

Since this Court's "only word" on analyzing harm in the voir dire context under Texas Rules of Appellate Procedure 44.2 comes from *Jones v. State*, 982 S.W.2d 386 (Tex.Crim.App.1998), the Court of Appeals is unfortunately bound to follow that opinion in assessing harm on remand. *See Roberts v. State*, 978 S.W.2d 580 (Tex.Crim.App.1998)(Meyers, J., concurring).