Opinion filed December 1, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 1, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00106-CR 

 

                                                    __________

 

                             MANUEL ANTONIO VALDEZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR28553

 



 

                                                                   O
P I N I O N

 

Manuel Antonio Valdez appeals his conviction for
possession of a controlled substance, cocaine. 
TEX. HEALTH & SAFETY CODE ANN. '
481.115(c) (Vernon 2003).  The trial
court denied in part and granted in part appellant=s
motion to suppress evidence found during a warrantless search.  The trial court sentenced him to 20 years
confinement after considering his prior felony convictions.  In his sole issue on appeal, appellant
challenges the trial court=s
denial of his motion to suppress.  We
affirm.








                                                               Background
Facts

Appellant had been under investigation by the
Midland Police Department for several months for possible drug
involvement.  The investigation focused
on a gang known as Barrio Aztecas.  On
October 19, 2000, Sergeant Mitch Russell with the Midland Police Department
Narcotics Unit received a tip from a confidential informant that the informant
had seen appellant selling cocaine from his home that day.  The informant also advised that appellant
possessed a semiautomatic handgun.  Based
on the informant=s
information, Sergeant Russell began drafting a search warrant for appellant=s residence with the intention of
presenting it to a magistrate on October 20. 
Sergeant Russell had received information from this informant on 15 to
20 previous occasions.  Sergeant Russell
testified that the informant=s
information had resulted in Aprobably
half a dozen@ drug
prosecutions; one successful conviction was of an alleged Barrio Aztecas
member.  Sergeant Russell considered the
informant to be reliable.

On October 20, at approximately 9:00 a.m., the
same informant advised Sergeant Russell that appellant worked for Turf
Specialties, a yard care company, and that appellant had cocaine on his person
for sale while he was at work.  In
response to a question by Sergeant Russell, the informant said that he had not
seen appellant with a weapon that day. 
Sergeant Russell contacted Turf Specialties and determined that
appellant was going to be at the FDIC Building just before or right after
lunch.  Sergeant Russell notified Dean
Cook, special agent for the Drug Enforcement Administration, of this information
some time between 9:00 a.m. and 10:00 a.m. the morning of October 20.  Sergeant Russell and Agent Cook met with
several other officers, and the group of officers went to the FDIC Building.

 The
officers located appellant at the FDIC Building before the lunch hour.  Officer Seth Herman of the Midland Police
Department testified that the officers Aperformed
pat searches for weapons@
of all the workers and then made the workers sit down Aso
that the officers could maintain security over them.@  Sergeant Russell testified that the informant
had said that appellant commonly carried a handgun on his person or in his
vehicle Apretty
much at all times.@  After Sergeant Russell stated that appellant
consented to a search of his person, the prosecutor asked him what he did
next.  Sergeant Russell responded as
follows:








Initially started a pat down of the outer
clothing, and I got down to the sock, I believe it was on his left leg, and on
the outside of the sock there was a pretty large bulge....I reached in his sock
and pulled out a plastic baggie that contained several other plastic bags of
cocaine.

 

Sergeant Russell also maintained that appellant consented to a
search of his house.  Sergeant Russell
estimated that they were at the FDIC Building for 10 minutes before the
officers took appellant to his home.  The
officers found four bags of marihuana and evidence of cocaine at appellant=s house, but they left appellant at his
house after their search.  

Special Agent Cook confirmed that Sergeant Russell
first asked appellant if he had any weapons or anything illegal on him.  Special Agent Cook testified that Sergeant
Russell did search appellant and that he did find the cocaine inside appellant=s sock. 
Special Agent Cook also stated that appellant was not placed under
arrest; he was taken to his house for a search there.  During cross-examination, Special Agent Cook
was asked whether he was worried about Athe
exigency of [appellant] being in some car and driving off.@ 
His response was as follows:

I don=t
know if I would characterize it as exigent, but we decided pretty quickly to go
ahead and contact him just because of the fact it was getting close to
lunchtime and we knew we would be less likely to find the narcotics the longer
we waited.

 

Two of appellant=s
fellow workers testified that the officers arrived with their guns pointed at
members of the work crew and that the officers searched everyone.  One witness had two previous convictions for
possession of a controlled substance, and the other had been arrested at the
FDIC Building on the basis of an outstanding warrant.  Appellant also maintained that the officers
had their guns drawn and made everyone get on the ground.  Appellant testified that Sergeant Russell Apat searched@
him first and then searched him more thoroughly.  Appellant confirmed that the cocaine was in
his sock underneath the tongue of his work boots which had tops that came to
above his ankle.  Appellant denied that
he had given consent to search his person or his house. 








The State argued to the trial court that the
motion to suppress should be denied on three grounds: (1) appellant consented
to the search of his person and his house; (2) the cocaine was found during a Terry[1]
frisk; and (3) a warrantless search of his person was justified because there
was probable cause and exigent circumstances. 
Appellant contended that he did not consent to any search and that the
officers should have procured a search warrant first.

The trial court found that appellant had not
consented to any search; that the police had trustworthy information sufficient
to justify a prudent belief that appellant was committing a felony offense;
that Athe
contact and search of [appellant] was supported and justified by reasonable
suspicion that he was engaged in criminal activity@;
that, upon finding the suspected contraband on appellant, the police had a duty
to arrest him; and that appellant was placed in custody just after Sergeant
Russell found the cocaine.  Despite the
officers=
testimony that they had not arrested appellant, the court found that his
freedom of movement had been restrained to the degree associated with a formal
arrest, even though he was released later at his house.  The trial court denied the motion to suppress
the evidence of the cocaine found in appellant=s
boot but granted the motion to suppress the evidence found in appellant=s house.

Standard of
Review

In reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings.  Guzman v. State, 955 S.W.2d 85
(Tex.Cr.App.1997).  Because the trial
court is the exclusive fact- finder, the appellate court reviews evidence
adduced at the suppression hearing in the light most favorable to the trial
court=s
ruling.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex.Cr.App.2000). We also give deference to the trial court=s rulings on mixed questions of law and
fact when those rulings turn on an evaluation of credibility and demeanor.  Guzman v. State, supra.  Where such rulings do not turn on an
evaluation of credibility and demeanor, we review the trial court=s actions de novo.  Guzman v. State, supra;  Davila v. State, 4 S.W.3d 844, 847‑48
(Tex.App. ‑ Eastland 1999, no pet=n).  Absent a showing of an abuse of discretion,
the trial court=s finding
should not be disturbed.  Maddox v.
State, 682 S.W.2d 563, 564 (Tex.Cr.App.1985). 

Analysis








The federal and state constitutions both guarantee
the right to be secure from unreasonable searches and seizures.  U.S. CONST. amend. IV; TEX. CONST. art. I, ' 9; see also TEX. CODE CRIM. PRO. ANN.
art. 38.23(a) (Vernon 2005).  Searches
conducted without a warrant are unreasonable per se, subject to a few
specifically established and well-delineated exceptions.  Minnesota v. Dickerson, 508 U.S. 366,
372 (1993); McGee v. State, 105 S.W.3d 609, 615 (Tex.Cr.App.2003).  The State bears the burden to show that
appellant consented to the search or that the warrantless search falls within
one of these exceptions.  McGee v.
State, supra at 615.  

A police officer may conduct a limited stop of an
individual for the purpose of investigation, together with a limited search for
weapons, if he has reasonable suspicion to believe that the individual has been
involved in a completed felony or if he has reasonable suspicion that the
individual is about to or is committing a crime.  Terry v. Ohio, supra.  An anonymous tip, provided it contains
sufficient details which are subsequently corroborated, may be the basis for a
temporary investigative stop.  Alabama
v. White, 496 U.S. 325 (1990).  Here
the trial court found that the confidential informant had provided trustworthy
information and, therefore, that the officers had probable cause to detain
appellant.

Based on the information from the confidential
informant, the trial court concluded that the officers were justified in
detaining appellant for investigation and searching appellant for weapons.  Under Terry, a search is reasonable if
(1) the police officer=s
action was justified at its inception and (2) it was reasonably related to the
circumstances that justified the interference in the first place.  Glazner v. State, No. PD-0998-04, 2005
WL 2660160 (Tex.Cr.App. October 19, 2005). 
Even the testimony of the defense witnesses portrayed the officers as
being concerned for their safety.  There
was evidence that the detention of appellant at the FDIC Building was for only
about ten minutes.  Sergeant Russell=s seizure of the cocaine in appellant=s boot while he was checking appellant
for weapons came within the Aplain
feel@
doctrine. See Minnesota v. Dickerson, supra; In the Matter of
L.R., 975 S.W.2d 656 (Tex.App. - San Antonio 1998, no pet=n); Strickland v. State, 923
S.W.2d 617 (Tex.App.-  Houston [1st
Dist.] 1995, no pet=n).  The search of appellant=s person came within the parameters of Terry
v. Ohio, supra.








Another warrantless search exception is where
there is probable cause and exigent circumstances.  See Spears v. State, 801 S.W.2d 571,
574 (Tex.App. - Fort Worth 1990, pet=n
ref=d). 
For this exception, the State must show the existence of probable cause
at the time the search was made and the existence of exigent circumstances
which made the procuring of a warrant impracticable.  Effler v. State, 115 S.W.3d 696, 698
(Tex.App. - Eastland 2003, pet=n
ref=d). 
The search of appellant=s
person was justified under Terry; therefore, we need not decide whether
there were exigent circumstances justifying that search. The trial court found
that there were no exigent circumstances to excuse the warrantless search of
appellant=s house
because the application for a search warrant had already been prepared, because
appellant was in police custody after the cocaine was found, and because there
was ample time to secure a warrant to search his house.

The trial court did not abuse its discretion in
denying appellant=s motion
to suppress the evidence of the cocaine found in his boot.  Appellant=s
sole issue is overruled.

This Court=s
Ruling

The judgment of the trial court is affirmed.  

 

TERRY MCCALL

JUSTICE

 

December 1, 2005

Do not publish.  See TEX.R.APP.P.
47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Terry v. Ohio,
392 U.S. 1 (1968).