NO. 07-00-0551-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 18, 2001

______________________________

CHRISTOPHER UNDERWOOD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 110
TH
 DISTRICT COURT OF FLOYD COUNTY;

NO. 4009; HONORABLE JOHN R. HOLLUMS, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Appellant Christopher Underwood challenges his conviction of capital murder and the resulting punishment of life imprisonment in the Institutional Division of the Department of Criminal Justice.  In two issues, he argues that (1) the trial court erred in not allowing him to ask a particular hypothetical question in jury voir dire, and (2) the evidence was factually insufficient to support his conviction.  Finding no reversible error, we affirm the judgment of the trial court.

Appellant, who was alone with his nine-month-old son, Emmanuel Underwood, struck the child to stop him from crying.  The child quit breathing, and appellant then sought medical help from the child’s grandparents and subsequently from emergency personnel.  However, Emmanuel never regained consciousness and was later pronounced dead at University Medical Center in Lubbock.  The autopsy showed the cause of death to be blunt force injuries to the head. 

In his first issue, appellant contends that the trial court abused its discretion in not permitting him to pose a hypothetical question to each venire member.  The question used by appellant was as follows:  “In a hypothetical case where there was a murder conviction and a child had died.  Would you still be able to consider probation?”  The State objected on the basis that appellant was asking the juror to commit as to whether he would consider probation in a murder case similar to this one, and the court sustained the objection.  Later, appellant stated for the record that he would have asked the question of other jurors if allowed to do so.  He argues that the question was proper because it sought to elicit potential bias in favor of the deceased status of a child.  The trial court’s denial of this right to ask the question, he posits, impinges on his constitutional right to an impartial jury through the effective assistance of counsel, and he is therefore entitled to reversal.

Appellant relies on 
Maddux v. State, 
862 S.W.2d 590 (Tex.Crim.App. 1993), to support his contention that the question was proper.  In that case, the defendant posed the following question to the venire members:  “Now then, we’re not talking about any particular case.  It would be improper to do that.  But in a hypothetical case where there was a murder conviction and a child had died, how many of you would still be able to consider probation?”  
Id.
 at 590-91.  The trial court sustained the State’s objection on the basis that the question committed the jury to specific facts.  The defendant then posed this question: “In a hypothetical situation assuming that fact and that fact alone, everything else was the same, the only fact that’s different is that a child died, how many of you would still be able to consider as little as five years probation?”  
Id.
 at 591.  The State objected again, and the trial court sustained the objection.  However, the 
Maddux 
court found that the question was proper because it sought to elicit potential bias in favor of the deceased’s status as a child.  
Id.  

In addressing the argument that the question was an impermissible attempt to commit the venire to a particular sentence given particular facts, the 
Maddux 
court noted that “the venire was not aware of the deceased’s age or even that the deceased was a child, [and that] defense counsel did not mention the facts of this case, and he did not specifically refer to appellant or to the deceased.”  
Id. 
at 592.  However, in the case before us, the venire members had been told by the State that the case was a capital murder case because it involved the murder of a child younger than six years of age and that the victim was about nine months old.  Appellant also told the jury that the case involved a child. Therefore, we believe that the facts before us are distinguishable from those before the 
Maddux 
court.

Morever, even if the court erred in not permitting the question, we must conduct an analysis of the harm, if any, which occurred as a result of that error.  
Cena v. State
, 991 S.W.2d 283 (Tex.Crim.App. 1999); 
Gonzales v. State, 
994 S.W.2d 170, 171 (Tex.Crim. App. 1999).
  The jury found appellant guilty of capital murder and therefore was not required to assess the punishment.  The court assessed the punishment at life imprisonment as is mandatory in a case where the State has waived the death penalty. Tex. Pen. Code Ann. § 12.31 (Vernon 1994).  Thus, appellant’s inability to assess the bias of the venire panel to award probation because the victim was a child did not affect the punishment received by appellant, and his first issue is overruled.

In his second issue, appellant argues that the evidence is factually insufficient to sustain the finding beyond a reasonable doubt that he intentionally or knowingly murdered Emmanuel.  At trial, appellant did not contest that he struck the child and that his actions resulted in the death of the child.  However, he testified he did not believe he “hit him that hard,” and did not intend to kill his child.  

In considering factual sufficiency challenges, we must review all the evidence, without viewing it in the light most favorable to the prosecution, and may only set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  
Clewis v. State
, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996).  We also must bear in mind that the trier of fact is the sole judge of the weight and credibility of the testimony, and we may not substitute our judgment for that of the jury.  
Santellan v. State
, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997).

To find appellant guilty of capital murder, the jury had to find that appellant intentionally and knowingly caused the death of Emmanuel by hitting him with his hand or hands, striking him with a blunt object, striking him against a blunt object, or shaking him.   A person acts intentionally with respect to the result of his conduct when it is his conscious objective or desire to cause the result.  Tex. Pen. Code Ann. § 6.03(a) (Vernon 1994).  A person acts knowingly with respect to the result of his conduct when he is aware that his conduct is reasonably certain to cause the result.  
Id. 
§ 6.03(b).  An accused’s culpable state of mind is almost invariably proven by circumstantial evidence, 
Morales v. State, 
828 S.W.2d 261, 263 (Tex.App.--Amarillo 1992), 
aff’d, 
853 S.W.2d 583 (Tex.Crim.App. 1993), and mental state may be inferred by words, acts, conduct or the surrounding circumstances.  
Ledesma v. State
, 677 S.W.2d 529, 531 (Tex.Crim.App. 1984); 
Dues v. State
, 634 S.W.2d 304, 305 (Tex.Crim.App. 1982).    

Appellant relies upon evidence in the record that he obtained medical assistance for the child, that initially neither law enforcement or medical personnel noticed obvious signs of bruising or injury, he confessed to hitting the child after being questioned only an hour by law enforcement personnel, and the sheriff was afraid that he might commit suicide in jail as well as his own testimony that he did not intend to kill his son to support his factual sufficiency challenge.  Appellant also relies on his written statement to law enforcement personnel in which he averred: 

 *      *     *

After a while, Emmanuel started crying and I couldn’t get him to stop.  I tried everything I could to get him to stop crying and go to sleep.  I couldn’t handle hearing Emmanuel cry and I don’t know what happened to me but I hit Emmanuel with my hands and lost control.

*     *     *

   

However, there was also testimony from appellant that Emmanuel’s birth was unplanned, appellant and Emmanuel’s mother were not ready for a child, appellant’s life changed after Emmanuel was born, appellant had more expenses and money was a problem, and appellant thought Emmanuel’s mother spoiled her other son.  Emmanuel’s mother also testified that appellant would get mad because she was spending too much time with her children.  Additionally, there was testimony that appellant was 6 feet 5 inches tall and weighed 240 pounds at the time of the incident and Emmanuel weighed about 30 pounds.  

Further, Dr. Joseph Guileyardo, Deputy Chief Medical Examiner in Dallas County,  testified that there were seven or eight separate areas of impact to the scalp and that the blows were severe.  Death was probably caused by a combination of blows to the head.  Based on the number of injuries and the amount of force used, he did not believe it was an accidental type pattern.  It is also very unusual to have an accidental head trauma cause death in a child except in motor vehicle accidents.  

Dr. Ronald Tucay, Deputy Medical Examiner for Lubbock County who performed the autopsy on Emmanuel, stated that the brain showed severe swelling caused by trauma and that death resulted from blunt force trauma to the head.  There were also two fractures of the occipital lobe.   Even appellant’s own expert, Dr. Lloyd White, agreed that the cause of death was blunt force injury to the head, that the child suffered a severe blow, and that there was more than one blow to the head.  He also agreed that children rarely die from accidental head trauma.  Moreover, he averred that a baby’s brain is more easily injured than an adult’s brain.  

Although there was conflicting evidence from which the jury could have made a determination that appellant did not have the requisite intent, those conflicts were well within the province of the jury to resolve.  We do not believe that the jury finding is so against the overwhelming weight of the evidence as to be manifestly unjust.  Appellant’s second issue is overruled.  

Accordingly, because we have found no reversible error and overruled appellant’s two issues, we affirm the judgment of the trial court.

John T. Boyd

 Chief Justice

Do not publish.